IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HAROLD McKAY, # N-21736** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 15-cv-1337-SMY |
| ) | |
| **IDOC,** ) | |
| **SOUTHWESTERN ILLINOIS** ) | |
| **CORRECTIONAL CENTER,** ) | |
| **WEXFORD HEALTH CARE,** ) | |
| **S. ODOM,** ) | |
| **and UNKNOWN PARTIES,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On December 8, 2015, Plaintiff Harold McKay filed suit in this Court under 42 U.S.C. § 1983, alleging violations of his federally secured constitutional rights. Now before the Court is Plaintiff's motion to proceed *in forma pauperis* ("IFP"), i.e., without prepaying the filing fee (Doc. 2). Plaintiff is a former state prisoner and prepared his complaint while he was still housed at the Southwestern Illinois Correctional Center ("SWICC"). However, he did not mail his complaint to the Court until after his release from Illinois Department of Corrections custody (Doc. 1, p. 7). On the date he filed suit, Plaintiff was housed in a personal residence. As such, Plaintiff does not meet the statutory definition of prisoner[1] for purposes of the *in forma pauperis* statute, which states that "[t]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations

---

[1] The determination of a plaintiff's status as a prisoner or non-prisoner, and thus the applicability of the Prison Litigation Reform Act (PLRA) must be made as of the date the lawsuit is brought. *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998).

of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff has done so in the instant case, but the Court's inquiry does not end there. 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff.

A court can deny a qualified plaintiff leave to file IFP or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim or is a claim for money damages against an immune Defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed IFP, a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed IFP. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

### The Complaint

Plaintiff arrived at SWICC on May 27, 2014. In June 2014, he had 11 teeth extracted – six from his upper jaw and five from the lower jaw (Doc. 1, p. 4). The dentist (presumably Defendant Odom) assured Plaintiff that further dental work would be completed in time for him to receive an upper and lower partial within six to eight months. Plaintiff did have two

fillings and two cleanings during that time, but was never given his partials.  Instead, 16 months passed during which Plaintiff was unable to chew food on the left side of his mouth, because he had only one remaining tooth there and had no partial dentures.  Plaintiff's requests for dental treatment and his grievances failed to resolve the problem.  As of July 17, 2015, Plaintiff was reportedly still on a waiting list to receive a final filling and to get the partials.

Plaintiff was released on parole on September 25, 2015, without any partial dentures.  He now brings suit against the following Defendants, claiming they have violated his Eighth and Fourteenth Amendment rights:  S. Odom (the dentist), the unknown (Jane Doe) dental assistant and dental hygienist, Wexford Health Care, the Illinois Department of Corrections, and Southwestern Illinois Correctional Center (Doc. 1, pp. 1-2).  Plaintiff seeks monetary compensation and completion of his dental work (Doc. 1, p. 6).

## Disposition

Plaintiff's complaint survives review under § 1915(e)(2).  His sworn IFP motion establishes that he is indigent for purposes of IFP review.  Nothing indicates that his action is frivolous or malicious.  At this point, the Court cannot conclude that this action fails to state a claim upon which relief could be granted.  The Seventh Circuit has recognized that dental care is "one of the most important medical needs of inmates."  *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001).  Furthermore, allegations that an inmate denied his dentures could not chew his food, making eating difficult, and that he suffered bleeding, headaches, and disfigurement, stated a serious medical need.  *Id.*  Plaintiff's claims shall thus proceed for further review.

The Court notes, however, that Defendant Illinois Department of Corrections, which is a state government agency, is immune from a suit for money damages.  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under

§ 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same). Likewise, the Southwestern Illinois Correctional Center, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 suit. *See Will*, 491 U.S. at 71. Because Plaintiff is seeking injunctive relief as well as compensation, the Illinois Department of Corrections shall remain as a Defendant in the action at this time. However, the Southwestern Illinois Correctional Center shall be dismissed as a Defendant.

Accordingly, Plaintiff's motion (Doc. 2) for leave to proceed IFP is **GRANTED**. Plaintiff will be allowed to proceed in the action without payment of any fees. *See* 28 U.S.C. § 1915(a)(1); *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (fee requirement of § 1915(a)(1) and (b) applies only to prisoners; non-prisoners granted leave to proceed *in forma pauperis* are not responsible for paying filing fee at all).

**IT IS ORDERED** that Defendant **SOUTHWESTERN ILLINOIS CORRECTIONAL CENTER** is **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **ILLINOIS DEPARTMENT of CORRECTIONS, WEXFORD HEALTH CARE**, and **ODOM** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of

employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (Jane Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.  Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that because he is proceeding *pro se*, he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  A notice of change of address must be filed within **7 days** of any such change occurring.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 25, 2016**

s/ STACI M. YANDLE  
United States District Judge
